Sidney A. Fine, J.
Under the contract between the parties, plaintiff is granted sole and exclusive rights as to musical compositions controlled by defendant and as to any which defendant may thereafter own or control during the period of the agreement. The rights are to continue in existence for the full terms of any copyrights obtained on the compositions. The agreement provides for automatic renewal after December 31, 1960, from year to year, unless terminated by giving 60 days’ written notice of termination prior to December 31,1960, or prior to the expiration of any yearly period thereafter. No claim is made that such notice was ever given.
The contract provides that if plaintiff should fail to print an edition of a composition “ in any part of the territory,” plaintiff’s exclusive right to the composition shall end at the expiration of the contract or any extended term thereof. The “ territory ” is defined in the agreement as “ all countries of the world.” Defendant contends that the word “ any ” is to be construed in the sense of ‘1 every. ’ ’ This would mean that plaintiff would lose its right to all compositions unless it should print editions thereof in each and every part of the world. This interpretation could not reasonably have been intended by the parties. Taking into consideration the words “ all of which shall be in your (plaintiff’s) discretion,” which immediately follow the words “ in any part of the territory,” the court holds that plain *1036 tiff is entitled to keep the exclusive rights to any composition which it prints in any part of the world which it, in its discretion, may select. Even if the agreement had come to an end, by service of the required notice, prior to defendant’s licensing of “ Sugartime Twist ” to others, the substantial identity of that composition with “ Sugartime,” to which plaintiff possesses the exclusive rights, requires a holding that defendant’s conduct is a breach of the agreement, since plaintiff’s exclusive rights to ‘ ‘ Sugartime ’ ’ do not end until April 25,1984, when the copyright of that composition will expire.
The first counterclaim proceeds upon the theory that claims made by plaintiff that it possesses the exclusive rights to ‘ ‘ Sugartime Twist ’ ’ were false and constituted slander of title. This counterclaim is without merit in view of the fact that plaintiff is entitled to the exclusive rights to “ Sugartime Twist.”
The second counterclaim is based upon the theory that the claims to 1 ‘ Sugartime Twist ’ ’ were asserted solely in order to injure defendant. No facts are, however, set forth to substantiate this counterclaim. The motion for summary judgment is granted.